IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CASE NO. 2:03-cr-67-MEF |
| | ) |
| ALFRED ALLEN LEE | ) |

### MEMORANDUM OPINION AND ORDER

This cause is before the court on two motions filed by Defendant Alfred Allen Lee ("Lee")[1]: (1) Defendant's Motion for the Return of Seized Property Pursuant to Rule 41(g) Fed. R. Crim. P. (Doc. # 45) and (2) Petitioner's Motion Requesting Order Granting Motion for Return of Property Without Further Proceedings (Doc. # 47). For the reasons set forth below, the motions are due to be DENIED.

### PROCEDURAL HISTORY AND RELEVANT FACTS

After receiving complaints that Lee was selling crack cocaine out of his residence on Day Street in Montgomery, a detective with the Montgomery Police Department obtained a search warrant and searched Lee's residence. During the search of Lee's residence on in early October of 2002, police found crack cocaine, a gun, and $12,342.00 in cash.[2] The cash

---

[1] Lee is a federal prisoner proceeding *pro se*.

[2] The record creates some question about the actual amount of cash in question. Lee asks for the return of $12,400 which he claims was seized. The presentence investigation report of the United States Probation Office which details Lee's offense conduct indicates that $12,450.00 in United States currency was seized when Lee was arrested. The forfeiture documentation, which includes an inventory of bills by denomination, puts the total seized at $12,342.00.

was seized on the day of the search by law enforcement.

The United States Department of Justice, through its subsidiary agency, the Drug Enforcement Administration ("DEA"), initiated an administrative forfeiture of the $12,342.00 in cash seized from Lee.  Lee was provided with notice of the seizure proceedings in two ways.  In November of 2002, he was provided with notice of the seizure which was delivered to him at his place of confinement, the Montgomery County Jail.[3]  Additionally, notice of seizure and intent to forfeit was published on November 25, 2002, December 2, 2002, and December 9, 2002 in the Wall Street Journal.  No claims were filed within the allowable time period after notification.  On June 5, 2003, the cash seized from Lee was declared to have been forfeited to the United States Government pursuant to 21 U.S.C. § 881.

On February 27, 2003, a grand jury for the United States District Court for the Middle District of Alabama returned a single-count indictment against Lee. This indictment charged Lee with being a convicted felon[4] in possession of a firearm and ammunition.  On July 24, 2003, Lee pleaded guilty to the federal indictment against him.  On January 30, 2004, this court sentenced Lee to serve 180 months in prison.  Judgment was entered on February 5, 2004.

On November 16, 2004, Lee filed Defendant's Motion for Return of Seized Property,

---

[3] At this same time, notification was unsuccessfully attempted at Lee's residence of record at the time of his address, 2116 Day Street, Montgomery, Alabama, 36108.

[4] The indictment alleged that Lee had been convicted in January of 1983 of felony robbery charges in the Circuit Court of Montgomery County, Alabama.

2

Pursuant to Rule 41(g) Fed. R. Crim. P. (Doc. # 45). By this motion, Lee sought the return of the $12, 400 seized at the time of his arrest. In support of his motion, he argued that he did not receive the notice required by law. Specifically, he claimed that he did not receive any written notice within sixty days from the time that his money was seized and that he was unaware of any publication by a newspaper of general circulation in the city where the money was seized. On May 16, 2006, Lee renewed his motion and sought a ruling in his favor because the Government had failed to respond to his original motion. The court directed the Government to show cause why Lee's motions should not be granted. The Government filed a brief in opposition to Lee's motions supported by evidentiary submissions establishing certain relevant facts relating to the case. The Government contends that this court lacks jurisdiction and asks that the motions be denied.

## DISCUSSION

Federal Rule of Criminal Procedure 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). The Eleventh Circuit Court of Appeals has held that when property is retained pursuant to civil forfeiture, instead of for use as evidence, Rule 41(g) is not available. *See, e.g., United States v. Watkins,* 120 F.3d 254, 255 (11th Cir. 1997); *United States v. Eubanks,* 169 F.3d 672, 674 (11th Cir. 1999); *United States v. Castro,*

883 F.2d 1018, 1020 (11th Cir. 1989).[5]

> When the government, in its written response to a [Rule 41(g)] motion, admits its position is that, by forfeiture, the movant has already permanently lost his right to the pertinent property, the government's judicial admission is enough to deprive the court of the authority to grant the [Rule 41(g)] motion.

*Watkins,* 120 F.3d at 255. That is exactly what happened in this case. Accordingly, the court must deny Lee's motions to the extent that they seek relief pursuant to Federal Rule of Criminal Procedure 41(g).

Lee's argument that this court should exercise its equitable jurisdiction over this action is similarly unavailing. Where property has been forfeited to the government and therefore Rule 41(g) is not available, a federal court has discretion to exercise equitable jurisdiction over the agency forfeiture decision "when the petitioner's conduct and the merits of his petition require judicial review to prevent manifest injustice." *Eubanks,* 169 F.3d at 674. *See also In re $67,470.00,* 901 F.2d 1540, 1545 (11th Cir. 1990). However, the decision to invoke this jurisdiction is "highly discretionary and must be exercised with caution and restraint...Such jurisdiction, therefore is only appropriate in exceptional cases where equity demands intervention." *In the Matter of $67,470.00,* 901 F.2d at 1544. In that instance, a court may exercise jurisdiction over "the issue ... [of] whether the government has acted wrongfully in taking the property." *Watkins,* 120 F.3d at 255-56. The government's

---

[5] Although these cases refer to Federal Rule of Criminal Procedure 41(e), the refer to the same rule which is now denominated as Federal Rule of Criminal Procedure 41(g).

taking of property without due process is wrongful, *see id.* at 256, and that is what Lee alleges occurred in this case.  The Customs Service must publish notice of its intent of civil administrative forfeiture in a newspaper of general circulation once a week for at least three successive weeks, and must send "[w]ritten notice of seizure together with information on the applicable procedures ... to each party who appears to have an interest in the seized article." 19 U.S.C. § 1607(a).  On the record before it, the court finds that the government has met the requirements of the statute and provided notice which complies with the requirements of the Fifth Amendment regarding due process.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion and Order, it is hereby ORDERED that Defendant's Motion for the Return of Seized Property Pursuant to Rule 41(g) Fed. R. Crim. P. (Doc. # 45) and Petitioner's Motion Requesting Order Granting Motion for Return of Property Without Further Proceedings (Doc. # 47) are DENIED.

DONE this the 24th day of October, 2006.

                        /s/ Mark E. Fuller
                     CHIEF UNITED STATES DISTRICT JUDGE